UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BRIAN HICKERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV01223 ERW |
| | ) | |
| JEFFERY NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Eric Brian Hickerson's *Pro Se* Petition under

28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1].

**I.     BACKGROUND**

Petitioner Eric Brian Hickerson ("Petitioner") was convicted by a jury of attempted

burglary in the second degree in violation of Missouri Revised Statute § 569.170 and property

damage in the first degree in violation of Missouri Revised Statute § 569.100. He was sentenced

to nine-years imprisonment. His conviction was affirmed by the Missouri Court of Appeals,

Eastern District of Missouri. Petitioner filed a timely motion for post-conviction relief pursuant

to Missouri Supreme Court Rule 29.15. After an evidentiary hearing, his motion was denied. The

judgment was affirmed on appeal.

The Missouri Court of Appeals for the Eastern District of Missouri described the facts of

Petitioner's conviction as follows:

> On February 25, 2009, sometime after 11:00 p.m., Nathan Wolfe ("Wolfe") and
> John Fritz ("Fritz") were driving through the parking lot of O'Fallon Plaza. As
> they passed KT's Laundry, Wolfe noticed Defendant inside wearing a ski mask
> and using a tool to break into a vending machine. Defendant appeared to see

Wolfe and Fritz observing him and ducked behind a row of washers and dryers. Fritz called 911.

Wolfe and Fritz observed Defendant as he stood up, removed his ski mask, exited KT's Laundry, and walked through the parking lot. Wolfe and Fritz followed him. Defendant, who Fritz described to police officers as wearing a dark sweatshirt, jeans, and white tennis shoes, then entered HotShots, a bar in the plaza. Wolfe and Fritz continued to wait for him outside the bar. After a few minutes, Defendant left the bar and began walking between two buildings near the parking lot. O'Fallon police officers, including Officer Eric Feagans ("Officer Feagans"), arrived and stopped Defendant. After Wolfe and Fritz identified Defendant as the man they saw in KT's Laundry, Officer Feagans arrested him.

When asked what he was doing, Defendant told police that he was waiting for his girlfriend. He offered no further explanation. Upon searching Defendant, Officer Feagans found $133 and brown work gloves in Defendant's pockets, and noted that both the gloves and Defendant's sweatshirt were covered in white powder. Defendant was transported to the police station and placed in a holding cell.

Officer Feagans returned to KT's Laundry. He observed that the back wall, which housed the change machines, had three large holes in it, and that a sledgehammer covered in white powder had been left nearby. Officer Feagans, along with another officer, observed that Defendant's vehicle, identified through a database search, was still in the parking lot. In the back of the vehicle, police discovered William Warner ("Warner"), apparently passed out from intoxication. Warner's attire did not match Fritz's description of the man in KT's. Police also later discovered a ski mask located in a tree near where Defendant was apprehended. Testing showed that Defendant's DNA was present in the mask.

After determining that Warner was not involved in the investigation, Officer Feagans returned to the police station, where he read Defendant his Miranda rights. Defendant, as was his right, made no statements. Defendant was charged with second-degree burglary and first-degree property damage.

ECF No. 13-6, pgs. 3-4.[1] Petitioner was convicted by a jury and sentenced to nine years imprisonment. Petitioner now challenges his convictions.

## II.    STANDARD

---

[1] These facts are taken directly from the Court of Appeals Memorandum affirming Petitioner's conviction on direct appeal. A state court's determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. § 2254(e).

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Garth*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

III.    **DISCUSSION**

Petitioner asserts five claims in his motion to vacate. First, he claims, during the trial, improper comments and testimony were admitted about his invocation of his right to remain silent when interrogated by police. Second, he contends his counsel was ineffective for failing to request additional or independent DNA testing of the ski hat found near the scene of the crime. Third, he asserts his counsel was ineffective for failing to invoke his statutory and constitutional right to a speedy trial. Fourth, he states his counsel was ineffective for failing to object to the hearsay testimony of Officer Feagans. Finally, he claims his counsel was ineffective for failing to object when Officer Feagans perjured himself during his testimony. The Court will address each claim as follows.

### A.    *Claim One – Improper Testimony*

In his first claim, Petitioner argues improper comments and testimony regarding his invocation of his right to remain silent were made during his trial. Specifically, Petitioner states during the prosecution's direct examination of Officer Feagans, the prosecutor asked "He didn't make any statements, did he?" To which Officer Feagans responded, "No." Additionally, Petitioner states during closing arguments, the prosecutor made the following statement:

> And I – I – I don't know if I'm more mad at that or more mad when – I guess when you have to point to the police officers did something. Really, what did they do wrong here? Caught a guy practically red-handed. Short of having him give a videotaped confession with his hand on a stack of Gideon Bibles --."

Petitioner asserts these two comments were improper, highly prejudicial, and created an adverse inference of guilt.

Petitioner raised this argument in his direct appeal. The Missouri Court of Appeals held it is inappropriate to use a defendant's silence as evidence of his guilt or to impeach his testimony but, in this case, no inference of guilt could reasonably be drawn by the defendant's silence from

the prosecutor's comments. Further, it stated the comments were "more akin to a statement about the cumulative effect of the evidence that the State presented than a comment on the Defendant's failure to confess." The appellate court also held "the combination of the closing statement and Officer Feagans' testimony does not present enough prejudice to constitute an abuse of discretion by the trial court in denying Defendant's request for a mistrial."

Here, admission of Officer Feagans' testimony and the prosecutor's closing statement are evidentiary rulings of the state court and are not cognizable on federal habeas review. The United States Supreme Court has held "federal habeas corpus relief does not lie for errors of state law" and "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68).

"A state court's evidentiary ruling is a matter of state law, and we may examine the ruling in a habeas petition only to determine whether the asserted error denied due process." *Bailey v. Lockhart*, 46 F.3d 49, 50 (8th Cir. 1995). "A state court's evidentiary rulings can form the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Osborne v. Purkett*, 411 F.3d 911, 917 (8th Cir. 2005) (quoting *Parker v. Bowersox*, 94

F.3d 458, 460 (8th Cir. 1996)). To constitute a due process violation, an evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [Petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

The state court's evidentiary rulings in Petitioner's case were not "so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Direct comments by a prosecutor on a defendant's failure to testify or invocation of his right to remain silent violate the Constitution. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). However, indirect comments, which do not manifest intent to call attention to a defendant's failure to testify do not violate the Constitution. *Sidebottom v. Delo*, 46 F.3d 744, 759 (8th Cir. 1995). The state appellate court ruled the closing statement was an indirect comment and the combination of the closing statement and Officer Feagans' testimony was not prejudicial enough to constitute an abuse of discretion. The trial court's determination to allow the statements and not to declare a mistrial, as well as the appellate court's determination, was not so egregious to deprive Petitioner of due process. This claim will be denied.

> B.    *Claim Two – DNA Testing*

In his second claim, Petitioner asserts his trial counsel was ineffective for failing to request independent testing of DNA to determine the minor DNA contributor on the ski mask discovered near the scene of the crime.

In his post-conviction motion and appeal, Petitioner raised this argument. The motion court concluded the claim was meritless because there was insufficient DNA to establish a DNA profile. The appellate court held "The record readily refutes movant's claim that plea counsel was ineffective." The appellate court stated any effort to conduct further DNA testing would have been fruitless and Petitioner failed to show prejudice.

Because the state court made a determination on the merits of Petitioner's claim, the state court's decision is entitled to deference. 28 U.S.C. § 2254(d). Petitioner must show the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. The Court first determines if there is clearly established law for the argument asserted, because this is a dispositive issue. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

Petitioner cites numerous cases in support of his argument his counsel was ineffective for failing to seek additional DNA testing. However, all of the cases cited by Petitioner are Missouri Supreme Court cases or Missouri Appellate Court cases. Petitioner does not cite to a single United States Supreme Court case. "Clearly established law" refers only to United States Supreme Court holdings. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Even if Petitioner had cited to clearly established law, Petitioner's claim fails because he cannot establish no reasonable juror would agree with the state courts' decisions. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (adoption of the fair minded juror test). Therefore, Petitioner has not shown the state court's decision is contrary to, or an unreasonable application of, clearly established law. This claim will be denied.

C.      *Procedurally Defaulted Claims – Claims 3, 4, & 5*

Petitioner's remaining claims are as follows: (3) ineffective assistance of counsel for failing to assert his Speedy Trial rights, (4) ineffective assistance of counsel for failing to object to the hearsay testimony of Officer Feagans, and (5) ineffective assistance of counsel for failing to object to perjured testimony offered by Officer Feagans.

Petitioner raised each of these claims in his initial post-conviction motion before the state circuit court, but did not raise them on appeal of his post-conviction motion. In his appellate

brief, written by counsel, Petitioner argued the motion court erred in denying Petitioner's claim his counsel was ineffective for failing to request additional DNA testing. No other claims were appealed. Petitioner requested to proceed *pro se*, which the court granted. He also moved to strike the brief filed by his counsel and to allow him to file a new brief asserting more claims. This motion was denied. While his appeal was pending, Petitioner requested plain-error review of three claims of ineffective assistance of counsel.

The appellate court addressed Petitioner's motion in a footnote in its opinion on Petitioner's post-conviction appeal. The appellate court denied Petitioner's motion for plain-error review on procedural grounds, because it would circumvent the court's rules and deny the state an opportunity to respond to the claims. Further, the appellate court stated, even if it were to consider the claims, relief would be denied, because the claims do not establish substantial grounds for believing the motion court committed error.

Petitioner's remaining claims are procedurally defaulted. A federal court cannot review a question of law decided by the state court if the state court's decision rests on state law ground independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This bars federal habeas claims where a state court did not address a petitioner's federal claims on the merits, because the petitioner failed to meet a state procedural requirement. *Id*. at 729-730. The state appellate court explicitly denied Petitioner's three ineffective assistance of counsel claims for procedural reasons. It stated "To allow these unbriefed claims now would circumvent Rule 84.08 . . ."[2] Petitioner failed to meet a state procedural requirement and the Court cannot review the claims because they rest on adequate

---

[2] Missouri Rule 84.08 addresses the time limits for filing an appeal.

and independent state grounds. Thus, his claims are procedurally barred in this Court. These claims will be denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Eric Brian Hickerson's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1] is **DENIED**.

So ordered this 30th day of April, 2018.

_E. Richard Webber_

———————————————————
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**